King, J.,
delivered the opinion of the court.
January 1, 1909, The Stern-Prince Importing Company retained the State Collection Agency of Denver as it agent for the collection of claims, under,a written contract, by which the collection agency agreed that “all accounts worthy of legal proceedings will be placed in its law department for suit, and such suits will be brought at the expense of the agency,” and it was agreed that upon judgments secured by it the agency should receive 25% of the judgment. E. M. Johnson, being indebted to The Stern-Prince Importing Company in the sum of $519.75, the company made a written assignment of its claim against Johnson to E. E. Balling'er, for suit, and collection; Ballinger was manager of the collection agency. On the 23rd day of February, 1909, Ballinger commenced suit in his own name against the said Johnson, caused summons to- be issued and served; thereafter, on or about the 15th day of April, obtained a judgment in the sum of $582.30 and costs taxed at $4.45, and on the 22nd day of April caused a transcript of the judgment docket in said action to. be filed and recorded in the office of the recorder of the County of Pueblo, which became a lien upon the real estate of the judgment debtor. All costs and expenses were paid by Ballinger. On or about the 19th day of October, 1909, the said, Johnson made a settlement with The Stern-Prince Importing Company by which that company, in consideration of $250 in cash paid to it, and execution and delivery of three notes of $31.50 each, admitted satisfaction of the judgment, agreed to release the same, and gave an order as follows:
*118 “State Collection Ag-ency, City.
Gentlemen — Upon this order kindly release the judgment which you hold for us in your name against E. M. Johnson, Pueblo, and oblige, yours truly,
T.h,e Stern-Prince Importing Co.,
By J. L. Stern, Treas.”
On presentation of said written request, Balling-er refused to release or discharge the judgment, except upon payment to him of 25°¡o of'said judgment. Thereupon Johnson brought suit against Ballinger and the Importing Company, asking- for a decree declaring said judgment satisfied. The Importing- Company made no defense, but Ballinger filed answer and cross-complaint, setting up the foregoing- facts, and alleging that he was interested in the said judgment to the extent of 25 % thereof, and the costs by him expended; that the settlement made between the plaintiff Johnson and The Stern-Prince Importing Company was entered into tO' defraud said Ballinger, and deprive him of his commission and costs, and offering to' satisfy and release said judgment upon payment. W. B. Vates, trustee in bankruptcy of the said Johnson, was substituted as party plaintiff. Judgment was rendered in favor of the plaintiff against said Ballinger.
1. Upon the assignment of the chose in action aforesaid to Ballinger for collection, the legal title thereto' vested in him. He became the real party in interest, and was entitled tO' prosecute an action thereon in his own name. — 4 Cyc. 67; Lake County v. Schradsky, 31 Colo. 178, 182, 71 Pac. 1104. While it is true that Ballinger held the legal title fi> said judgment in trust for The Stern-Prince Importing Company, it is likewise true that his trust was coupled with an interest in himself, and the cestui que trust could not compel the assignment of the judgment to it nor require the trustee to release it until it had paid the trustee, or otherwise satisfied him for his interest in the judgment, in this case amounting to at least 25% of the judgment obtained. While the assignee held the *119 assigned claim fpr collection, his relation to The Stern-Prince Importing Company was analogous to that of a bailee under contract to' perform services for the benefit of the bailor, and for which he was to receive compensation, and entitled to retain possession of the chose in action, or its proceeds, until paid. Their relations have not been materially changed by securing- a judgment, except that it is. more nearly analogous to that of a trustee holding- a legal title for the benefit of his cestui que trust, but with an interest which must be satisfied before he can be compelled to execute the trust by turning over the judgment or the proceeds thereof. The judgment debtor, having full knowledge of the suit brought and judgment obtained in Ballinger’s name, could not compromise or otherwise settle the judgment by payment to The Stern-Princ'e Importing Company, except at his peril, and he is not, and cannot be, in any better position to enforce the release or satisfaction of the judgment by the judgment creditor than is The Stern-Prince Importing Company.
A chose in action may be bailed. In this case, the contract of bailment created a trust. — 5 Cyc. 166; Cabaniss v. Ponder, 65 Ga. 134; Sanders v. David, 13 B. Mon. (Ky.) 432; Loomis v. Stave, 72 Ill. 623; Pindell v. Grooms, 18 B. Mon. (Ky.) 501; Cowdrey v. Vandenburgh, 101 U. S. 572, 25 L. Ed. 923.
The judgment is reversed and the cause remanded, with directions to the trial court to enter judgment in favor of plaintiff in error, Balling-er, unless within ninety days the plaintiff pay into said court for the use of said Ballinger 25 °/o of the judgment, together with interest thereon from its date, in which event said Ballinger shall be required to execute and deliver a release and satisfaction of the said judgment, or, upon failure so to do, the judgment may be set aside by order or decree of the court; Provided, however, that in case the plaintiff Can show that the said -Ballinger, or the State Collection Agency of Denver, was at the time of the commencement of this suit, and now is, indebted to The Stern- *120 Prince Importing- Company in any sum, the amount of said indebtedness may be offset against the claim of the said Ballinger herein; and for the purpose of making such showing, if he be so- advised-, the defendant in error herein may be permitted to file amended or supplemental reply to defendant’s answer and cross-complaint.

Reversed and Remanded.